**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DARRYL BRADSHAW,

Plaintiff,

-v- 9:24-CV-1350 (DNH/ML)

RYAN ZEHR *et al.*,

Defendants.

**Hon. David N. Hurd, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On November 6, 2024, *pro se* plaintiff Darryl Bradshaw ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was being housed at Auburn Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On November 20, 2024, the Court granted plaintiff's IFP Application and, after conducting an initial review of the pleading, determined that most of plaintiff's claims had to be dismissed, and concluded that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims required a response from defendants Zehr and Leon. Dkt. No. 4. Thereafter, plaintiff filed an amended complaint. Dkt. No. 7.

On March 6, 2025, the Court accepted plaintiff's amended complaint for filing and concluded that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims required a response from defendants Zehr and Leon. Dkt. No. 8. The Clerk of the Court issued summonses as to those defendants, Dkt. No. 9, who appeared through counsel, Dkt. No. 14, and answered the

amended complaint, Dkt. No. 17. The parties conducted a period of discovery, *see* Dkt. No. 34, and then defendants moved for partial summary judgment seeking to dismiss plaintiff's failure-to-intervene claims, Dkt. No. 35. Despite being advised of the need to do so, Dkt. No. 36, and even though he sought and receive an extension of time in which to do so, Dkt. No. 38, plaintiff did not respond to defendants' motion, *see* Dkt. No. 39.

On October 5, 2026, U.S. Magistrate Judge Miroslav Lovric advised by Report & Recommendation ("R&R") that defendants' motion for partial summary judgment be denied. Dkt. No. 40. There, Judge Lovric explained that excessive force and failure-to-intervene claims may proceed in the alternative beyond the summary judgment stage. *See id*.

No party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 40. Upon review for clear error, the R&R is accepted and will be adopted. Fed. R. Civ. P. 72(b). The Court notes that the pre-trial deadlines have expired. *See* Dkt. No 34. Ordinarily, the next step here would be to appoint *pro bono* counsel for plaintiff and then set this matter down for a trial on his § 1983 Eighth Amendment excessive force and failure-to-intervene claims against defendants Zehr and Leon.

However, plaintiff failed to respond to defendants' motion. And he did not lodge objections to Judge Lovric's R&R. To be sure, plaintiff was not technically *required* to do either of these things (especially since disputed material facts exist and the R&R recommended that plaintiff's claims survive to trial). But a review of the DOCCS lookup tool shows that the current mailing address that the Court has on file for plaintiff—the one that puts him at Upstate Correctional Facility in Malone, New York—may no longer be his current mailing address.

All parties, including *pro se* parties, have an obligation under our local rules to "immediately notify the Court of any change of address." L.R. 10.1(c)(2). Plaintiff was previously warned

about this requirement of our Local Rules. *See* Dkt. No. 4. Therefore, the Court will direct plaintiff to confirm or update his current mailing address, by responding in writing, within fourteen days from the date of this opinion. If plaintiff fails to do so, plaintiff is cautioned that this action will be dismissed for failure to prosecute.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 40) is ACCEPTED;

2. Defendants' motion for partial summary judgment (Dkt. No. 35) is DENIED; and

3. Plaintiff shall have FOURTEEN DAYS in which to inform the Court, in writing, of his current mailing address.

The Clerk of the Court is directed to terminate the pending motions, mail copies of this opinion to plaintiff's last known address and to the address shown in the DOCCS lookup tool that corresponds to plaintiff's DIN number, and set a response deadline accordingly.

**IT IS SO ORDERED.**

Dated: October 26, 2026
Utica, New York.

David N. Hurd
U.S. District Judge